July 10, 2025

**<u>Via ECF</u>**
Hon. Robert Kirsch, U.S.D.J.
United States District Court
District of New Jesey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

          RE:    **<u>Andre Jason Watts v. CBRE Group, Inc.</u>**
                  **Civil Action No.: 3:25-cv-04483-RK-JTQ**

Dear Judge Kirsch:

      This firm represents Defendant CBRE Group, Inc. (hereinafter "Defendant" or "CBRE") in connection with the above-referenced action. As the Court is aware, *Pro se* Plaintiff Andre Jason Watts ("Plaintiff") has flooded the docket in this matter with various filings, applications, and motions with uncertain purpose, requesting unclear relief and without procedural basis. Despite being admonished on multiple occasions regarding his filings and being directed to the Procedural Guide for *Pro Se* Litigants, Federal Rules of Civil Procedure, Local Rules and judicial preferences, Plaintiff has continued to file document after document, and motion after motion, without basis in the applicable Court Rules.[1] It is an unfortunate reality that Plaintiff's filings have now become unduly burdensome and harassing to the Court, Defendant and its counsel.

      Accordingly, in an effort to streamline the proceedings for the Court, and to preserve judicial economy, we respectfully write to briefly summarize Plaintiff's filings since June 30, 2025 and advise that because Plaintiff's applications outlined below are procedurally inappropriate motions, premature, and/or seek uncertain relief, CBRE does not intend to file any formal or substantive opposition to same, unless the Court directs otherwise.[2]

---

[1] At the June 23, 2025 hearing, Your Honor admonished Plaintiff in connection with the volume of filings and motions made prior to the filing of any responsive pleading, and without clear requests for relief. On June 30, 2025, during a case management conference, Judge Quinn similarly admonished Plaintiff, and further advised him to consult the Federal Rules of Civil Procedure, the Local Rules for this District, and the judicial preferences. Plaintiff was also advised to meet and confer with Defendant and allow sufficient time for a response. Accordingly, in its June 30, 2025 Text Order (Dkt 163), the Court denied Plaintiff's motions without prejudice as premature, explaining that Plaintiff had not adequately conferred with Defendant as required by the Local Civil Rules, that the parties had not held a Rule 26(f) conference, and stated that there was no basis for expedited discovery. Accordingly, the Court directed the Clerk to terminate the following entries: Dkt Nos. 96, 99, 101, 102, 107, 109, 117, 119, 121, 122, 130, 133, 134, 140, 146, 152, 153, 157, 158, and 159.

[2] To the extent the filings are treated as Motions seeking relief, Defendant does not consent to the relief sought therein.

Hon. Robert Kirsch, U.S.D.J.
July 10, 2025
Page **2** of **3**

| Dkt | Date | Filing Title (abbreviated) | Summary |
|---|---|---|---|
| 164 | 07/01/25 | Notice Requesting Rule 26(f) Conference | Advising of Plaintiff's request to Defendant to schedule a Rule 26(f) conference. |
| 165 | 07/02/25 | Motion for Procedural Clarification | Inquiring whether Plaintiff may refile the previously denied Motions now that a request for a Rule 26(f) conference has been made. |
| 166 | 07/02/25 | Supreme Motion to Waive Rule 26(f) Requirement | Requesting that the Court waive the requirement for the parties to meet and confer pursuant to Rule 26(f). |
| 167 | 07/02/25 | Letter re Rule 26(f) Conference | Unclear statement regarding Plaintiff's Motion to Waive Rule 26(f) Requirement |
| 169 | 07/02/25 | Letter Requesting Judicial Case Management | Reasserting the relief sought in Dkt. 166, requesting that the Court renew Plaintiff's dispositive motion and conduct a case management conference. |
| 170 | 07/03/25 | Notice of Good-Faith Communication & Rule 26(f) Certification | Advising the Court of communications regarding scheduling a Rule 26(f) conference. |
| 171 | 07/03/25 | Supreme Notice of Judicial Readiness for Equitable Relief | Request for determination on Motion for Temporary Relief, Dkt. No. 140. |
| 172 | 07/05/25 | Exhibit to Case-Management Request | Copy of email with Defense Counsel submitted as Exhibit to Dkt. No. 170. |
| 173 | 07/07/25 | Notice of Impending Default | Advising of Plaintiff's belief that CBRE's responsive pleading deadline would pass on July 7, 2025. |
| 174 | 07/07/25 | Emergency Motion to Vacate Dkt 118 Order | Requesting to vacate Defendant's fourteen (14) day extension of time to |

Hon. Robert Kirsch, U.S.D.J.
July 10, 2025
Page **3** of **3**

|  |  |  | file a responsive pleading pursuant to Local Rule 6.1, which was granted by the Clerk and set forth in Dkt. No. 118. |
|---|---|---|---|
| 175 | 07/08/25 | Exhibit A – Supplemental Memorandum of Constitutional Concern | Requesting "judicial acknowledgment" of "Constructive Double Jeopardy" and incorporate its contents into Dkts. 84 and "related Rule 54(b) motions." |
| 176 | 07/09/25 | Supplemental Notice of Material Evidence | Attaching images and screenshots of purported LinkedIn communications in connection with previous filings. |
| 177 | 07/09/25 | Certificate of Service | Confirming service of Dkt. 176 on CBRE's counsel. |
| 178 | 07/09/25 | Notice of Readiness and Ethical Clarification | Requesting a ruling "under Rule 54(b)" |
| 179 | 07/09/25 | Certificate of Service | Confirming service of Dkt. 179 on CBRE's counsel. |

As is clear from the above, Plaintiff's filings in some instances are premature or are not procedurally appropriate and have become unworkable, unduly burdensome and harassing to both the Court and Defendant. Accordingly, Defendant will not treat the above as pending Motions or file a substantive opposition unless directed to do so by the Court.

We thank the Court for its kind attention to this matter.

Respectfully submitted,

NUKK-FREEMAN & CERRA, P.C.

*/s/Jennifer Casazza Carter, Esq.*

Jennifer Casazza Carter, Esq.

JCC/mg